## No. XXVIII.

### H. AUSTIN v. F. A. SAWYER.

*Appeal from Brazoria County.*

SCURRY, JUSTICE.—This case turns purely upon the facts.   It appears from the record that Austin exhibited his petition praying for relief

---

tract.   Morris & Cummings v. Schooner Leona, 67 T., 303.   Though quo warranto is in form analogous to a criminal prosecution, the remedy is civil in nature.   State v. De Gress, 53 T., 387; Davis v. State, 75 T., 420; Buckler v. Turbeville, 17 T. C. A., 120; Ames v. Kansas, 111 U. S., 449; Foster v. Kansas, 112 U..S., 201.

**Note 18.**—Republic v. Smith, p. 407.
      Appeal is a matter of right guaranteed by the Constitution.   Forbes v. Hill, Dal., 486; Bradley v. McCrabb, Dal., 504; Smyrl v. State, 40 T., 121; Eppstein v. Holmes, 64 T., 560; Cornelius v. City of Dallas, 37 T. Cr., 309.

against a judgment recovered against him at the October term, 1837, of the District Court for the County of Brazoria, and obtained an injunction in accordance with the prayer.

From the testimony in this case, it seems that one Robert Stevenson, administrator of the estate of Allen Reynolds, deceased, presented his petition to the probate court of Brazoria County, in which he represented that he had a claim against the estate of A. G. Reynolds, deceased, of which the said Sawyer was then acting as administrator, for the sum of $800, and at the March term of said probate court, 1838, the said claim was allowed by the court, to be paid by preference and privilege out of the proceeds of a league of land lying on Hall's Bayou, and sold by the defendant, Sawyer, as administrator to the said H. Austin, with a stay of six months.

At the October term of the district court, 1839, it seems that Sawyer recovered a judgment, as administrator of the estate of A. G. Reynolds, deceased, against Henry Austin for the sum of $4010, interest and costs of suit; and it was to enjoin the execution upon the said judgment that the bill which is the foundation of this action was exhibited, showing that Sawyer, as administrator of A. G. Reynolds, deceased, had received of Austin the sum of $850, as appears by receipt bearing date 28th August, 1838.

The court below perpetuated the injunction as to $820 and taxed the defendant with the costs, and decided that there was no lien upon the property. From this decision both parties appealed.

It is the opinion of this court that the opinion of the court below be affirmed. The privilege debt, or lien, given to Stevenson, administrator of Allen Reynolds, deceased, by the probate court of Brazoria County, only extended against the debt due from Austin to Sawyer, as administrator of A. G. Reynolds, deceased; and the court can not look upon the facts in any other light; but they are brought to the conclusion that the said privilege debt was discharged by Austin at the time Sawyer executed his receipt to him for the sum of $850.

The court is of opinion that the court below did right in allowing the credit and declaring that there was no subsisting lien outstanding against the property.

It is therefore the opinion of the court that the opinion of the court below be affirmed with all costs.

*Affirmed.*

---

Where the Legislature has failed to provide a mode of appeal, the court may establish one. Wheeler v. State, 8 T., 228; Teas v. Robinson, 11 T., 774; Tucker v. Anderson, 25 T. Supp., 155; Simmons v. Fisher, 46 T., 126; Bishop v. State, 43 T., 390. With us writ of error and appeal are concurrent modes of appealing. Andrews v. Andrews, Dal., 427; Magee v. Chadoin, 44 T., 488.

**Note 19.**—Republic v. Laughlin, p. 412.

As a general rule appellate courts only have appellate jurisdiction and powers incident thereto. Bailey v. Haddy, Dal., 376; Nash v. Republic, Dal., 631; Dewees v. Hudgeons, 1 T., 192; Chambers v. Hodges, 3 T., 517; Burke v. Mathews, 37 T., 73; City of Brownsville v. Basse, 43 T., 440; Bennett v. Waddell, 54 T., 273; Walls v. Marshall, 62 T., 28; Darnell v. Lyon, 85 T., 455. It is within the power of appellate courts to devise means to enforce their